**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1447**

HELEN TESFAYE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-925-825)

Submitted:  November 3, 2006          Decided:  December 1, 2006

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Allan Ebert, LAW OFFICES OF ALLAN EBERT, Washington, D.C., for
Petitioner.  Rod J. Rosenstein, United States Attorney, Larry D.
Adams, Assistant United States Attorney, Baltimore, Maryland, for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Helen Tesfaye, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's order denying her application for asylum, withholding of removal, and protection under the Convention Against Torture and denying her motion to reopen.

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Tesfaye fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the immigration judge's denial of Tesfaye's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Tesfaye fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that Tesfaye fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or he would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Tesfaye fails to make the requisite showing.

Finally, we have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying Tesfaye's motion to reopen. See 8 C.F.R. § 1003.2(a) (2006); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006).

Accordingly, we deny the petition for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED